IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CRIMINAL FILE NO. |
| v. | 1:06-CR-299-1-TWT |
| NGUYEN VAN NGUYEN, | |
|     Defendant. | |

ORDER

This is a criminal matter. It is before the Court on the Government's Objection to the Magistrate Judge's Order for Production of Agent's Rough Notes [Doc. 74]. On September 18, 2006, the Magistrate Judge in this case issued an order compelling the Government to furnish the Defendant with rough notes made by agents during the Defendant's interview. The Government contends that the Magistrate Judge's Order runs afoul of Eleventh Circuit precedent and is contrary to the longstanding practice of this district. The Government contends that Rule 16 does not grant a criminal defendant the right to discovery of interview notes where the content of those notes has been accurately captured in a typewritten report, such as an FBI 302 or ATF Report of Investigation, that has been disclosed to the defendant. In this case, the Government contends that it satisfied its obligation under Rule 16 when it disclosed

an ATF Report of Investigation that contained the substance of the Defendant's oral statement.

Rule 16 provides that upon written request by a defendant, the Government must produce "the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent." Fed. R. Crim. P. 16(a)(1)(B). This provision was added to Rule 16 by a 1991 amendment. The Magistrate Judge held that the 1991 amendment to Rule 16 changed the prior law that handwritten rough notes did not have to be produced. See United States v. Crowell, 586 F.2d 1020, 1029 (4th Cir. 1978). The Court, however, is not writing on a clean slate. In United States v. Jordan, 316 F.3d 1215, 1227 (11th Cir. 2003), the Court of Appeals for the Eleventh Circuit held that interview notes were not discoverable under Rule 16. The Court is not at liberty to ignore that holding because it "did not directly address the issue" of when Rule 16 requires production of an agent's rough notes. Whether the Court of Appeals did a good or a bad job of addressing the issue, this Court is bound by the result.

In any event, the Court is not persuaded that the 1991 amendment was intended to or did make such a radical change in practice. See United States v. Mena, 863 F.2d 1522 (11th Cir. 1989); United States v. Brown, 303 F.3d 582, 590 n.18 (5th Cir.

2002). ("The purpose of the 1991 amendment, therefore, was merely to require full disclosure of every statement of the defendant, regardless of whether the government intended to use the statement at trial."). As explicitly stated in the Advisory Committee Note, the 1991 Amendment was intended only to "expand slightly" the Government's discovery obligations. The Advisory Committee recognized that if all notes had to be produced, the prosecution would have the difficult task of locating and disclosing the myriad oral statements made by a defendant, even if it had no intention of using the statements at trial. In a lengthy and complicated investigation with multiple interrogations by different Government agents, that task could become unduly burdensome.

The Magistrate Judge assumed that "any" must be read as "all." That is not the case. In this context, the word "any" should be read as "a" or "an." See Bryan Garner, A Dictionary of Modern Legal Usage 65 (2nd ed. 1995). The Government complied with its obligations under Rule 16 by providing the Defendant with Hearing Exhibit 1, the typewritten report of the agent's interview of the Defendant. This conclusion is consistent with the weight of authority on this issue. See United States v. Brown, 303 F.3d 582, 589-591 (5th Cir. 2002) (stating that the government satisfies its obligation under the rule when it "discloses a ⋯ report that contains all of the information contained in the interview notes"); United States v. Muhammad, 120 F.3d

688, 699 (7th Cir.1997) (holding that "[a] defendant is not entitled to an agent's notes if the agent's report contains all that was in the original notes"); <u>United States v. Walker</u>, 272 F.3d 407, 417 (7th Cir. 2001) (holding that the production of such notes could not be compelled where the typed report does not have any inconsistencies with the notes).  This result is also consistent with the long practice in this district.  The Government's Objection to the Magistrate Judge's Order is SUSTAINED.

    SO ORDERED, this 20 day of October, 2006.


                    /s/Thomas W. Thrash
                    THOMAS W. THRASH, JR.
                    United States District Judge